UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOUAN JACKSON,

        Plaintiff,

v.                                              ACTION NO. 2:25cv14

RAY J, et al.,

        Defendants.

## DISMISSAL ORDER

This matter is before the court to address pro se Plaintiff's second application to proceed in forma pauperis ("Second IFP Application") and Plaintiff's E-Noticing Registration Request for Pro Se Litigants ("E-Noticing Request").

### I. Plaintiff's Second IFP Application

Plaintiff initiated this action by filing an application to proceed in forma pauperis ("First IFP Application"), along with a proposed Complaint and a proposed E-Noticing Request.[1]  First IFP

---

[1] In addition to the instant action, Plaintiff filed eleven other lawsuits in this court. See Jackson v. Graham, No. 2:25cv6 (E.D. Va. Jan. 3, 2025); Jackson v. Adkins, No. 2:25cv7 (E.D. Va. Jan. 3, 2025); Jackson v. Moore, No. 2:25cv8 (E.D. Va. Jan. 3, 2025); Jackson v. Ali, No. 2:25cv9 (E.D. Va. Jan. 3, 2025); Jackson v. Gamble, No. 2:25cv10 (E.D. Va. Jan. 3, 2025); Jackson v. Arnold, No. 2:25cv11 (E.D. Va. Jan. 3, 2025); Jackson v. MQ3 "Shadie Centinnial, Tifany", No. 2:25cv12 (E.D. Va. Jan. 3, 2025); Jackson v. Norwood, No. 2:25cv13 (E.D. Va. Jan. 3, 2025); Jackson v. Lopez, No. 2:25cv15 (E.D. Va. Jan. 3, 2025); Jackson v. Destiny's Child, No. 2:25cv46 (E.D. Va. Jan. 17, 2025); Jackson v. Grande, No. 2:25cv47 (E.D. Va. Jan. 17, 2025).  All of Plaintiff's

Appl., ECF No. 1; Proposed Compl., ECF No. 1-1; Proposed E-Noticing Req., ECF No. 1-3.

Upon review, the court determined that Plaintiff's First IFP Application was deficient. Order at 2, ECF No. 2. The First IFP Application provided very little information regarding Plaintiff's financial situation, and the information that was provided appeared to be internally inconsistent and unreliable. Id. As a result, the court denied Plaintiff's First IFP Application and ordered Plaintiff to either pay the requisite fees or submit another IFP Application to the court for consideration within twenty-one days. Id. at 3.

Plaintiff timely filed a Second IFP Application. Second IFP Appl., ECF No. 3. Based on the financial information set forth in the Second IFP Application, the court is satisfied that Plaintiff qualifies for in forma pauperis status. Accordingly, Plaintiff's Second IFP Application, ECF No. 3, is **GRANTED**, and the Clerk is **DIRECTED** to file Plaintiff's Complaint and E-Noticing Request.

## II.  Plaintiff's E-Noticing Request

In his E-Noticing Request, Plaintiff: (i) provided the requisite contact information; (ii) consented to receiving notice of filings pursuant to Rule 5(b) of the Federal Rules of Civil

---

lawsuits contain allegations that various recording artists, record labels, and music companies infringed upon Plaintiff's copyrighted materials.

Procedure via the court's electronic filing system; (iii) waived service and notice by first class mail of all electronically filed documents, to include orders and judgments; (iv) agreed to be responsible for immediately notifying the court in writing of any change of e-mail address; and (v) agreed to register for a PACER account. E-Noticing Request at 1. Plaintiff has complied with all of the court's registration requirements. Accordingly, Plaintiff's E-Noticing Request is **GRANTED**.

### III. Plaintiff's Complaint

In his Complaint, Plaintiff, who characterizes himself as a "musician and songwriter," alleges that he owns the copyright to a song titled, "Assumptions Day."[2] Compl. at 9. Plaintiff alleges that in 1997, i.e., approximately 28 years ago, Plaintiff hand-delivered a "demo tape" to Rodney Jerkins in Virginia Beach, Virginia. Id. at 1, 3, 9, 11-12, 14-15, 21. Plaintiff alleges that "Assumptions Day" was on the "demo tape." Id.

---

[2] Plaintiff did not provide a Certificate of Registration or any other materials to support his claim of copyright ownership. Publicly available records from the United States Copyright Office indicate that on August 9, 2001, Plaintiff obtained a copyright registration for a collection of song lyrics titled, "Photofinish." In another copyright infringement case filed in this court, Plaintiff appeared to allege that the song, "Assumptions Day" was contained within the "Photofinish" collection. See Compl. at 2, Jackson v. Moore, No. 2:25cv8 (E.D. Va. June 3, 2025). For purposes of this Order, the court will assume, without deciding, that Plaintiff owns a valid copyright for "Assumptions Day."

3

Plaintiff describes Rodney Jerkins as a "producer, songwriter, and industry executive." Id. at 10. Plaintiff alleges that Rodney Jerkins produced a song titled, "One Wish," that was performed by Ray J and released in 2005. Id. at 2, 8-9, 11-12. Plaintiff alleges that "One Wish" contains certain "lyrical and thematic elements" that are also present in "Assumptions Day," and Plaintiff believes that such content was misappropriated from Plaintiff's original work.[3] Id. at 1-26.

Specifically, Plaintiff alleges, among other things, that (i) both songs include lyrics that "reflect a longing and a contemplation of meaningful action"; (ii) "One Wish" contains lyrics that "reflect[] a responsive dynamic, almost as if answering 'Assumptions Day''s introspective mood"; (iii) both songs include a "recurring focus" on the word "one," which "emphasizes significance and singularity"; (iv) "[b]oth songs have a structure that centers on envisioning a future or a perfect scenario, blending a contemplative tone with a sense of hope"; (v) "[b]oth songs emphasize shared moments of watching the sunrise"; (vi) both songs contain lyrics that "echo sentiments of creating or longing for moments together"; (vii) both songs use "conditional language ('assuming' vs. 'if') to explore hypothetical scenarios";

---

[3] Although approximately 20 years have passed since the release of "One Wish," Plaintiff claims that his discovery of the alleged infringement "did not become possible until the release of OpenAI's ChatGPT on November 30, 2022." Compl. at 14.

4

(viii) "[b]oth songs use 'day' and 'days' to emphasize significant, memorable moments"; (ix) both songs contain lyrics that "center around emotional reflection on cherished past experiences, creating a nostalgic connection"; (x) both songs use "repetitive phrasing to emphasize core themes"; and (xi) both songs use "[t]he imagery of bottles as vessels of hope or wishes." Id. at 4-5, 13, 16, 18-22 (summarizing the alleged similarities between the songs at issue).

Plaintiff filed the instant action against Rodney Jerkins, Ray J, Knockout Entertainment, Atlantic Records, Sony Music Entertainment, and "others to be named" (collectively, "Defendants"). Id. at 1, 9-10. Plaintiff claims that Defendants engaged in willful copyright infringement. Id. at 1-26. Plaintiff also claims that Defendants engaged in fraudulent concealment and wire fraud, which, along with Defendants' alleged copyright infringement activities, constitute racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Id. at 22-23.

### IV. The Court's Screening Obligation

When a plaintiff is granted authorization to proceed in forma pauperis, the court is statutorily obligated to dismiss the operative complaint at any time if the court determines that it fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In determining whether a complaint states

5

a claim under § 1915(e)(2), courts utilize "the familiar standard for a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Sweet v. N. Neck Reg'l Jail, 857 F. Supp. 2d 595, 596 (E.D. Va. 2012) (citation omitted). To survive a challenge under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to meet this standard. Id. Instead, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Further, a court "is not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678.

**A. Copyright Infringement**

As an initial matter, the court notes that Plaintiff is no stranger to federal copyright litigation. See Jackson v. Warner Music Grp. Corp., No. 1:23cv10100, 2024 U.S. Dist. LEXIS 104740, at *1-29 (S.D.N.Y. June 11, 2024) (dismissing a copyright infringement action filed by Plaintiff and summarizing Plaintiff's past unsuccessful copyright infringement actions); Jackson v. Destiny's Child, No. 1:23cv10507, 2024 U.S. Dist. LEXIS 103730, at *1-15 (S.D.N.Y. June 11, 2024) (same).

As Plaintiff is by now aware, to state a claim for copyright infringement, a plaintiff must allege "(1) ownership of a valid copyright and (2) infringement of the copyright by the defendant." Jackson, 2024 U.S. Dist. LEXIS 104740, at *24 (quoting Spinelli v. Nat'l Football League, 903 F. 3d 185, 197 (2d Cir. 2018)); see Universal Furniture Int'l v. Collezione Europa USA, Inc., 618 F.3d 417, 428 (4th Cir. 2010). To show infringement, a plaintiff must demonstrate that "(1) the defendant has actually copied the plaintiff's work; and (2) the copying is illegal because 'a substantial similarity exists between the defendant's work and the protectible elements of plaintiff's [work]." Jackson, 2024 U.S. Dist. LEXIS 104740, at *24-25 (quoting Abdin v. CBS Broad. Inc., 971 F.3d 57, 66 (2d Cir. 2020)) (alterations in original). Further, as the United States District Court for the Southern District of New York recently explained to Plaintiff:

> "[C]opyright protections 'extend[ ] only to those components of a work that are original to the author'— that is, those that are 'independently created by [the] author' and 'come[] from the exercise of the creative powers of the author's mind." Montgomery v. NBC Television, 833 F. App'x 361, 364 (2d Cir. 2020) (summary order) (quoting Boisson v. Banian, Ltd., 273 F.3d 262, 268 (2d Cir. 2001) (alterations in original)). Thus, "[t]he protection that flows from such a copyright is . . . quite limited. The copyright does not protect ideas; it protects only the author's particularized expression of the idea." Mattel, Inc. v. Goldberger Doll Mfg. Co., 365 F.3d 133, 135-36 (2d Cir. 2004). "[I]solated words, phrases, and concepts lack the originality required for copyright protection." Montgomery, 833 F. App'x at 364. "[I]t is axiomatic that words, short phrases, titles, and slogans are not

7

subject to copyright, even if they can be trademarked." Moody v. Morris, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009), aff'd, 407 F. App'x 434 (2d Cir. 2011) (unreported per curiam judgment); Logical Operations Inc. v. 30 Bird Media, LLC, 354 F. Supp. 3d 286, 298 (W.D.N.Y. 2018) ("Single words [and] short phrases . . . are not generally protectible subject matter."); see Arica Inst., Inc. v. Palmer, 970 F.2d 1067, 1072 (2d Cir. 1992) ("single words or short phrases . . . do not exhibit the minimal creativity required for copyright protection"); Salinger v. Random House, Inc., 811 F.2d 90 (2d Cir. 1987) ("a cliche or an 'ordinary' word-combination by itself will frequently fail to demonstrate even the minimum level of creativity necessary for copyright protection"); see also Boone v. Jackson, 206 F. App'x 30, 33 (2d Cir 2006) ("it is well-established that common phrases are not protectable under copyright") (summary order); Jones v. Atl. Records, No. 22-CV-0893 (ALC), 2023 U.S. Dist. LEXIS 152283, 2023 WL 5577282, at *6 (S.D.N.Y. Aug. 29, 2023) (a plaintiff "cannot assert copyright protection over short, common phrases or words"), appeal pending, No. 23-1348 (2d Cir.); We Shall Overcome Found. & Butler Films v. Richmond Org., Inc. (TRO INC.), No. 16-CV-2725 (DLC), 2017 U.S. Dist. LEXIS 146228, 2017 WL 3981311, at *14 (S.D.N.Y. Sept. 8, 2017) ("common phrases lack originality and are not eligible for copyright protection" (citing Acuff-Rose Music, Inc. v. Jostens, Inc., 155 F.3d 140 (2d Cir. 1998))).

Id. at *25-26. The United States District Court for the Southern District of New York further explained to Plaintiff that common or generalized ideas and themes will not be protected by copyright. Id. at *26-27.

Upon review, the court finds that Plaintiff's Complaint falls far short of asserting any plausible copyright infringement claims against Defendants. See Compl. at 1-26. Assuming that Plaintiff owns a valid copyright for the song "Assumptions Day," the court finds that Plaintiff has not adequately alleged that Defendants

infringed upon that copyright. Specifically, the court finds that there is little similarity, let alone substantial similarity, between the songs at issue in the instant action. The court further finds that any instances of similarity involve common words, phrases, themes, or concepts that do not support a copyright infringement claim. See id.; see also Jackson, 2024 U.S. Dist. LEXIS 104740, at *24-28 (dismissing Plaintiff's copyright infringement claims after finding that any alleged similarities between Plaintiff's work and the defendants' works included only "common words, phrases, and/or themes, which are not copyrightable"); Jackson, 2024 U.S. Dist. LEXIS 103730, at *13-14 (same).[4]

---

[4] The court notes that on June 11, 2024, i.e., shortly before Plaintiff filed twelve copyright infringement actions in this court, the Southern District of New York dismissed a copyright infringement action filed by Plaintiff against the musical group, Destiny's Child, and others, and issued the following warning to Plaintiff:

> **D. Warning**
> This action constitutes the fourth time that Plaintiff has brought a federal-law copyright-infringement action in a federal district court, all of which were unsuccessful. See Jackson, ECF 1:23-CV-10100, 12, at 8-11 (listing litigation history). In light of Plaintiff's litigation history, particularly, Plaintiff's previous two unsuccessful actions filed in the United States District Court for the Eastern District of Virginia, this Court finds that Plaintiff was or should have been aware of the nonmeritoriousness of this action when he filed this action. See Sledge v. Kooi, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where frequent pro se litigant may be charged with knowledge of particular legal

B. **RICO**

"RICO creates civil liability for defendants engaging in 'a pattern of racketeering activity.'" Scott v. WFS Fin., Inc., No. 2:06cv349, 2007 U.S. Dist. LEXIS 3967, at *12 (E.D. Va. Jan. 18, 2007) (citing 18 U.S.C. §§ 1962, 1964). RICO defines "'racketeering activity' . . . as 'any act or threat' involving specified state crimes, such as murder or bribery, or an 'act' indictable under various federal statutes, such as acts relating to extortionate credit transactions, mail fraud, and wire fraud." Singletary v. Sunbit Now, LLC, No. 3:24cv877, 2025 U.S. Dist. LEXIS 163824, at *34-35 (E.D. Va. Aug. 22, 2025). "A plaintiff must allege at least two predicate acts of racketeering to meet the 'pattern' requirement." Scott, 2007 U.S. Dist. LEXIS 3967, at *12. As courts have explained, "[t]he acts must relate to each other and 'amount to or pose a threat of continued criminal activity.'" Singletary, 2025 U.S. Dist. LEXIS 163824, at *35.

---

requirements). Accordingly, the Court[] warns Plaintiff that if he brings further vexatious, frivolous, or otherwise nonmeritorious copyright-infringement litigation in this [C]ourt, it may result in the Court barring him from filing new federal-law copyright-infringement civil actions in this court IFP unless he receives prior permission of the court. See 28 U.S.C. § 1651.

Jackson v. Destiny's Child, No. 1:23cv10507, 2024 U.S. Dist. LEXIS 103730, at *14-15 (S.D.N.Y. June 11, 2024).

10

To support his RICO claim, Plaintiff alleges that Defendants engaged in unlawful copyright infringement, fraudulent concealment, and wire fraud. Compl. at 22-23. Upon review, the court finds that Plaintiff's RICO-related allegations are conclusory in nature, factually unsupported, and fail to plausibly show that Defendants engaged in a pattern of racketeering activity, as required to state a valid RICO claim. See id. at 1-26; see also Scott, 2007 U.S. Dist. LEXIS 3967, at *12; Baldino's Lock & Key Serv. v. Google, Inc., 88 F. Supp. 3d 543, 549 (E.D. Va. 2015) (explaining that "the [c]ourt is not bound to accept 'a legal conclusion couched as a factual allegation'" (citation omitted)).

C. **Summary**

After a thorough review of Plaintiff's Complaint, the court finds that the allegations asserted therein fail to state any plausible claims for relief against Defendants. Therefore, the court further finds that it is obligated to dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Under these particular circumstances, and considering Plaintiff's history of filing "vexatious, frivolous, or otherwise nonmeritorious" litigation, the court finds that it would be futile to authorize the filing of an amended complaint. See Jackson, 2024 U.S. Dist. LEXIS 103730, at *14-15. Accordingly, the court hereby **DISMISSES** this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## V. Conclusion

For the reasons set forth above, Plaintiff's Second IFP Application is **GRANTED**; the Clerk is **DIRECTED** to file Plaintiff's Complaint and E-Noticing Request; Plaintiff's E-Noticing Request is **GRANTED**; the Clerk is **DIRECTED** to add Plaintiff's e-mail address to the docket of this matter; and this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff may appeal this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty days from the date of entry of this Dismissal Order.

In addition to the instructions set forth above, the Clerk is **DIRECTED** to docket this Dismissal Order in the court's electronic filing system. The electronic filing system will automatically generate an e-mail message containing a Notice of Electronic Filing, with a hyperlink to this Dismissal Order, that will be sent to the e-mail addresses of all individuals who have registered to receive electronic filings in this case, including Plaintiff.

IT IS SO **ORDERED**.

/s/
Rebecca Beach Smith
Senior United States District Judge

October 31, 2025